

# The Attorney General of Texas

April 11, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert E. Bell
Criminal District Attorney
115 W. Main, Room 205
Edna, Texas    77957

Opinion No. JM-473

Re:  Application fees for solid
waste disposal permits

Dear Mr. Bell:

You advise us that Jackson County has applied to the Texas Department of Health for a solid waste permit.  The Department of Health has refused to process Jackson County's application until Jackson County pays the application fees set by the Department of Health.  Under the rules in effect at the time Jackson County submitted its application, the required fees were $200 for Part A of the application and $12,000 for Part B of the application.  See Tex. Dept. of Health, 10 Tex. Reg. 3286 (1985) (codified at 25 T.A.C. §325.63) (fees effective from September 1, 1985, through December 30, 1985).  You state that these fees seem to have no rational relation to the Department of Health's expenses in processing your application.

The legislature has granted the Department of Health authority over issuance of solid waste permits to certain entities.  V.T.C.S. art. 4477-7.  In setting a fee schedule for applications for solid waste permits, the Department of Health acted pursuant to a legislative delegation of rule-making power set out in article 4477-7, section 4(k)(1), V.T.C.S., which provides:

> The department shall charge a fee for the filing with the department and review by the department of a permit application under this section.  A fee schedule shall be adopted by rule that shall be reasonably related to one or more of the following factors:
>
> A.   the population served;
> B.   the volume of waste to be handled;
> C.   the type and size of the facility; or
> D.   the cost of the review of the permit application.

The legislature also provided that application fees as well as annual permit fees should be set in an amount that would generate sufficient revenue to meet the expenses of administering section 4 of article 4477-7, which provides for the issuance and overseeing of solid waste permits.

The legislature has authority to delegate to an agency power to carry out a legislative purpose. State ex rel. Grimes County Taxpayers Association v. Texas Municipal Power Agency, 565 S.W.2d 258, 273 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ). The legislature must establish reasonable standards to guide the entity, but such standards may be broad where conditions must be considered that cannot be conveniently investigated by the legislature. Id.

In this instance the legislature set out specific guidelines for the Department of Health to use in setting fees, and it directed that total fees collected should cover the department's expenses in the permit process. You do not question the propriety of the legislative delegation. Rather, you question whether the Department of Health complied with the requirements of article 4477-7, section 4(k)(1).

The fees that the Department of Health set pursuant to article 4477-7 purport to be based on the standards established by the legislature:

§325.63. Permit Application Fees.

(a) Types of applications.

(1) New applications. With each application for a permit to construct or operate a municipal solid waste processing or disposal facility, the applicant shall submit a nonrefundable application fee to the department. The fee may be submitted in two parts, with the first part due with submission of Part A of the application and the second part due with submission of Part B or site development plan of the application. The fee shall be based on the tables under subparagraph (A) and subparagraph (B) of this paragraph which are graduated in a manner to consider one or more of the following factors: the population served; the volume of waste to be handled; the type and size of the facility; or the cost of the review of the permit application.

(a) Part A application fee schedule.

| Type of Facility | Application Fee |
|---|---|
| I | $ 200 |
| II | $ 100 |
| III | $ 50 |
| IV | $ 100 |
| V | $ 100 |
| VI | $ 100 |
| VII | $ 100 |
| VIII | N/A |
| IX | $ 100 |

(B)   Part B site development plan application fee schedule.

**Part B/Site Development Plan Application Fee Schedule**

| Type of Facility | Pop./Pop. Equiv.(1000's) to be served | Application Fee Based on Waste Volume (Acre Feet/Year) ⊘ ++ | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 0-10 | 10-20 | 20-30 | 30-50 | 50-100 | 100-200 | 200+ |
| I | 5-15 | $12,000 | $12,000 | $12,000 | | | | |
| | 15-25 | | | $14,000 | $14,000 | | | |
| | 25-50 | | | | $16,000 | $16,000 | | |
| | 50-100 | | | | | $18,000 | $18,000 | |
| | 100 | | | | | | $20,000 | $20,000 |
| II | 1.5-5 | $ 4,000 | | | | | | |
| III | 0-1.5 | $ 2,000 | | | | | | |
| IV | N/A | $ 4,000 | $ 6,000 | $ 8,000 | $10,000 | $12,000 | $14,000 | $16,000 |
| V | N/A | $ 1,000 | $ 1,200 | $ 1,400 | $ 1,600 | $ 2,000 | $ 4,000 | $ 6,000 |
| VI | N/A | Apply another appropriate category. If none, apply Type V. | | | | | | |
| VII+ | N/A | $ 6,000 | $ 8,000 | $10,000 | $12,000 | $14,000 | $16,000 | $18,000 |
| VIII | N/A | N.A. | | | | | | |
| IX++ | N/A | $2,000 | | | | | | |

⊘ Waste volume for Types V and VII facilities are expressed in tons-per-day.
++ Waste volume is not applicable for gas recovery operations.

We cannot say, as a matter of law, that these fees are unreasonable. Whether they actually bear a reasonable relationship to the cost of processing applications and issuing permits is a question of fact. We are not able to render opinions on questions of fact.

## S U M M A R Y

Whether the fees promulgated in 25 T.A.C., section 325.63 (effective September 1, 1985, through December 30, 1985) are proper is a fact question which cannot be reached in the opinion process.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

p. 2166

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General